# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JOHN EDWARD KLUTH, )
 )
        Petitioner, )
vs. ) NO. CIV-15-0758-HE
 )
TRACY MCCOLLUM, Warden, )
 )
        Respondent. )

## ORDER

Petitioner John Edward Kluth, proceeding *pro se*, filed this action seeking habeas relief pursuant to 28 U.S.C. § 2254. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell. He has issued a Supplemental Report and Recommendation, recommending that the petition be denied and petitioner has filed an objection.

A jury in the District Court of Canadian County convicted petitioner of three counts of child abuse and two counts of child neglect. In accordance with the jury's recommendation, the trial court sentenced petitioner to ten year terms of imprisonment on each count. He ordered the sentences in counts one and two to be served consecutively to each other, and the sentences in counts three through five to be served concurrently with counts one and two. Petitioner's convictions and sentences were affirmed on appeal by the Oklahoma Court of Criminal Appeals ("OCCA"). Petitioner raised eight grounds for relief in his direct appeal, which the OCCA reviewed and rejected in a summary opinion. Petitioner then filed a post-conviction application, in which he raised ineffective assistance

of trial and appellate counsel and two new claims. The trial court determined petitioner had failed to support his allegation of ineffective assistance of appellate counsel and procedurally defaulted the other claims. The OCCA affirmed that decision.

In his habeas petition, petitioner lists ten grounds for relief – the same claims he raised on direct appeal and in his post-conviction application.[1] The magistrate judge concluded none warranted habeas relief.

In his objection petitioner initially contends that the magistrate judge misread his habeas petition. He argues that he is only attacking his sentence, not his convictions, and that he did not assert eleven grounds for relief in his habeas petition, but "purposely winnowed out 'eight' of his habeas claims and raised only three (3) grounds of error for relief to this Court." Doc. #25, pp. 1-2. While the winnowing is not obvious from a review of the petition,[2] it is irrelevant, as the magistrate judge and the court have given due consideration to the three claims petitioner lists in his objection. They are: that his sentence is excessive (ground six), that he was denied his state and federal constitutional rights when the trial judge determined whether his sentences were to be served concurrently or consecutively (ground nine) and that he was denied due process when he was not afforded a fair opportunity to dispute the findings in the presentence investigation report (ground ten).

---

[1]*The magistrate judge liberally construed the petition to include an eleventh claim for ineffective assistance of appellate counsel. See Doc. #22, p. 5 n.1.*

[2]*In his brief filed in support of his petition, Doc. #21, submitted after respondent addressed in his response all the grounds for relief listed in the habeas petition, see Doc. #13, petitioner only discusses three grounds. However, the bases for the writ are stated in the petition, not a brief.*

Of these three claims, the only one petitioner discusses in his objection is his claim that the jury, not the judge, should have determined whether his sentences would run concurrently or consecutively. Petitioner has therefore failed to show that the magistrate judge erred in concluding that he is not entitled to habeas relief on the grounds that his sentence was excessive or that he was denied due process in conjunction with the findings in the presentence investigation report. Habeas relief will be denied on the basis of grounds six and ten of the habeas petition.

The court agrees with the magistrate judge that petitioner also is not entitle to relief as a result of the trial court's imposition of consecutive sentences. In Oregon v. Ice, 555 U.S. 160 (2009), the Supreme Court considered whether a defendant had "a Sixth Amendment right to have the jury, not the sentencing judge, find the facts that permitted the imposition of consecutive sentences." *Id.* at 166. State courts were split over whether the rule of Apprendi[3] governed consecutive sentencing decisions. The Court held in Ice that states could continue the common-law tradition of "entrust[ing] to judges' unfettered discretion the decision whether sentences for discrete offenses shall be served consecutively or concurrently." *Id.* at 163. It concluded that the twin considerations of historical practice[4] and respect for state sovereignty "counseled against extending Apprendi's rule to the imposition of sentences for discrete crimes." *Id*. at 168.

---

[3]*Apprendi v. New Jersey, 530 U.S. 466 (2000).*

[4]*"The historical record demonstrates that the jury played no role in the decision to impose sentences consecutively or concurrently. Rather, the choice rested exclusively with the judge." Ice, 555 U.S. at 168.*

Oklahoma law provides that a sentencing judge has the discretion to order that sentences be served concurrently or consecutively. *See* 22 Okla. § 976. In light of that statutory authority and the Supreme Court's decision in Ice finding that a state court judge's imposition of consecutive sentences does not violate the Sixth Amendment, the court concludes petitioner is not entitled to habeas relief based on the trial judge's decision to impose consecutive sentences (ground nine of the petition).

Petitioner did not object to the magistrate judge's findings and conclusions with respect to the other grounds listed in the petition – grounds one-five, seven, eight, and eleven. Failure to object constitutes a waiver of the right to appellate review of the factual and legal issues addressed. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010); *see* 28 U.S.C. §636(b)(1)(C). However, as noted previously, petitioner states in his objection that he is not asserting those grounds in support of his habeas petition. To the extent he was at one time, the court considers them to have been waived or abandoned.

Accordingly, having conducted the required *de novo* review, the court **ADOPTS** Magistrate Judge Purcell's Report and Recommendation and **DENIES** the petition for writ of habeas corpus. The court also **DENIES** a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 11th day of May, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE